UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LIBERTY INSURANCE CORPORATION,         Civil Action No.

                Plaintiff,          **07 CIV 3772**

   -against-                                **COMPLAINT**

MAX RAVE, LLC,

                Defendant.
-----------------------------------------------------------------x

**M A D A M S/S I R S:**

    Plaintiff LIBERTY INSURANCE CORPORATION ("Liberty"), by its attorneys, JAFFE & ASHER LLP, as and for its complaint against defendant MAX RAVE, LLC ("Max Rave"), alleges as follows:

    1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) by reason of the diversity of citizenship of the parties and the fact that the amounts in controversy exceed the sum of $75,000, exclusive of costs. This is an action for damages based upon breach of contract.

    2.    At all times hereinafter mentioned, Liberty was, and still is, a stock insurance company organized under the laws of the State of Illinois, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts.

    3.    At all times hereinafter mentioned, Liberty was, and still is, an insurance company duly authorized to conduct business within the State of New York.

    4.    Upon information and belief, at all times hereinafter mentioned, Max Rave was, and still is, a limited liability company organized under the laws of the State of

Delaware, with its principal place of business located at 317 Madison Avenue, Suite 1010, New York, New York 10017.

5.  Upon information and belief, at all times hereinafter mentioned, Max Rave was, and still is, in the business of operating retail apparel stores, with stores located throughout the United States, including locations in Manhattan, White Plains, Valley Stream, Yonkers and Poughkeepsie.

6.  Venue is appropriate in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391.

7.  Liberty issued Workers Compensation and Employers Liability Policy, No. WC7-121-092261-015, with a policy period from August 1, 2005 to August 1, 2006 to an entity named G & G Retail, Inc. as the first Named Insured (the "Policy").

8.  At the special instance and request of G & G Retail, Inc. and Max Rave, Liberty issued endorsement No. 108 to the Policy to Max Rave, which endorsement added Max Rave as a Named Insured to the Policy effective February 9, 2006.

9.  At the special instance and request of Max Rave, Liberty issued endorsement No. 110 to the Policy to Max Rave, which endorsement changed the first Named Insured on the Policy to Max Rave effective February 9, 2006.

10. The Policy constitutes a binding contract between Liberty Mutual and Max Rave.

11. Liberty Mutual has performed all obligations owed to Max Rave under the terms of the Policy.

12. The premium due and owing under the Policy is based, in part, upon the payroll of the insureds during the policy period.

13. The Policy provides, in part, as follows:

F. **Records**

You will keep records of information needed to compute premium. You will provide us with copies of those records when we ask for them.

G. **Audit**

You will let us examine and audit all your records that relate to this policy. These records include ledgers, journals, registers, vouchers, contracts, tax reports, payroll and disbursement records, and programs for storing and retrieving data. We may conduct the audit during regular business hours during the policy period and within three years after the policy period ends. Information developed by audit will be used to determine final premium. Insurance rate service organizations have the same rights we have under this provision.

14. Liberty attempted to conduct an audit of the insureds' payroll during the policy period; but, while Max Rave provided some documents and information necessary to audit the payroll, it failed and refused to provide all of the necessary documents.

15. Based upon the information provided by Max Rave, Liberty determined that the total premium for the Policy is $1,018,092 and that the total surcharges and assessments for the Policy is $35,743, for the total sum of $1,053,835.

16. On or about December 8, 2006, Liberty issued an audit package to Max Rave detailing the results of the audit.

17. Max Rave has not disputed the audit results set forth in the December 8, 2006 audit package.

18. Although duly demanded, no part of the sum of $1,053,835 has been paid, except for the sum of $846,338, to Liberty.

19. By reason of the foregoing, Liberty Mutual has sustained damages of $207,497, plus interest from December 11, 2006.

**WHEREFORE**, plaintiff LIBERTY INSURANCE CORPORATION demands judgment against defendant MAX RAVE, LLC in the sum of $207,497, plus interest from December 11, 2006, and granting plaintiff the costs and disbursements of the action, together with such other and further relief as which this Court deems just and proper.

Dated: New York, New York
May 10, 2007

Yours, etc.

JAFFE & ASHER LLP

By: _____
Marshall T. Potashner (MTP-3552)
Attorneys for Plaintiff
LIBERTY INSURANCE CORPORATION
600 Third Avenue
New York, New York 10016
(212) 687-3000